MARA W. ELLIOTT, City Attorney
M. TRAVIS PHELPS, Assistant City Attorney
JACQUELINE J. MCQUARRIE, Senior Chief Deputy City Attorney
California State Bar No. 267319
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone:  (619) 533-5800
    Facsimile:  (619) 533-5856

Attorneys for Defendants, CITY OF SAN DIEGO and
CHIEF DAVID NISLEIT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BRANDON, JR., an individual; ANTIONETTE RODRIGUEZ, an individual; ERIC JOHNSON, an individual; THEODORE KING, and individual, and DAEJORE WILLIAMSON, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipality; DAVID NISLEIT, an individual; and DOES 1-100, inclusive,<br><br>    Defendants. | Civil Case No. '24CV1164 BAS KSC<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**(28 U.S.C. § 1446)**<br><br>San Diego Superior Court Case No.: 37-2024-00021366-CU-CR-CTL |

TO:   THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants CITY OF SAN DIEGO and DAVID NISLEIT, hereby remove this action to the United States District Court for the Southern District of California under 28 U.S.C. §§ 1331, 1441 and 1446, and Federal Rules of Civil Procedure, Rule 81(c) in the civil action entitled *Carl Brandon, Jr., et al. v. City of San Diego,, et al*., Case No. 37-2024-00021366-CU-CR-CTL.

**STATEMENT OF GROUNDS FOR REMOVAL**

1.    The action pending in the Superior Court of the State of California in

1

and for the County of San Diego, entitled *Carl Brandon, Jr., et al. v. City of San Diego,, et al.*, Case No. 37-2024-00021366-CU-CR-CTL, was commenced on May 8, 2024. The Complaint and Summons were served on Defendant City of San Diego and David Nisleit on June 4, 2024.

    2.    Pursuant to 28 U.S.C. § 1446, copies of the pleadings and papers served on the removing Defendants in the above-described action are included with this Notice of Removal as follows:

    **EXHIBIT 1:** Plaintiffs' Complaint for (1) Violation of 42 U.S.C. § 1983 (False Arrest); (2) Violation of 42 U.S.C. § 1983 (Excessive Force); (3) Violation of 42 U.S.C. § 1983 (False Imprisonment); (4) Violation of 42 U.S.C. § 1983 (Failure to Property Screen and Hire); (5) Violation of 42 U.S.C. § 1983 (Failure to Properly Train); (6) Violation of 42 U.S.C. § 1983 (Failure to Properly Supervise and Discipline); (7) Violation of 42 U.S.C. § 1983 (*Monell* Violation);

    **EXHIBIT 2:**  Summons served upon Defendant City of San Diego;

    **EXHIBIT 3:**  Summons served upon Defendant David Nisleit;

    3.    The action pending in the state court contains a civil rights claim under 42 U.S.C.§ 1983 and the Fourth Amendment of the United States Constitution against all Defendants, in addition to *Monell* Municipal Liability claims under 42 U.S.C.§ 1983 against the City of San Diego. (Ex. 1.) Accordingly, and pursuant to the provisions of 28 U.S.C. § 1331, this Honorable Court has original federal question jurisdiction of the action.

    4.    Since the action is one within the federal question jurisdiction of the federal district courts, the action is removable to federal court without regard to citizenship of the parties under 28 U.S.C. § 1441(b). Plaintiffs have not alleged a claim that is not within the original or supplemental jurisdiction of the court.

    5.    Consent to Removal: Defendants City of San Diego and David Nisleit consent to the removal. Upon information and belief, "DOES 1 through 100" have not been named or service, and their consent is therefore note required.  28 U.S.C.

§ 1446(b)(2)(A).

6. Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within 30 days of service of process of the original complaint stating a claim within federal jurisdiction, which was on June 4, 2024.

7. In compliance with 28 U.S.C. §1446(d), Defendants will serve Plaintiffs' attorney with a copy of this Notice of Removal and its attachments. Defendants will also provide written notice to the clerk of the State Court and Plaintiffs with a copy of this Notice of Removal attached thereto.

Dated: July 5, 2024  MARA W. ELLIOTT, City Attorney

By */s/Jacqueline J. McQuarrie*
Jacqueline J. McQuarrie
Senior Chief Deputy City Attorney

Attorneys for Defendants

3

EXHIBIT 1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | DANTE T. PRIDE (SBN 262362)<br>dpride@pridelawfirm.com<br>ZACHARY FREIRE-AVIÑA (SBN 325460)<br>zfa@pridelawfirm.com<br>**THE PRIDE LAW FIRM**<br>2831 Camino Del Rio South, Suite 104<br>San Diego, California 92108<br>Telephone: 619-516-8166<br>Facsimile: 619-785-3414 |
| 7<br>8 | Attorneys for Plaintiffs,<br>CARL BRANDON, JR., ANTOINETTE RODRIGUEZ,<br>ERIC JOHNSON, THEODORE KING, and DAEJORE<br>WILLIAMSON |

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

05/08/2024 at 09:32:41 AM

Clerk of the Superior Court
By Yuan Chiang, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO – HALL OF JUSTICE

| | |
|---|---|
| CARL BRANDON, JR., an individual;<br>ANTOINETTE RODRIGUEZ, an individual;<br>ERIC JOHNSON, an individual;<br>THEODORE KING, and individual, and<br>DAEJORE WILLIAMSON, an individual,<br><br>               Plaintiff,<br><br>   v.<br><br>CITY OF SAN DIEGO, a municipality;<br>DAVID NISLEIT, an individual; and DOES<br>1-100, inclusive,<br><br>               Defendants. | CASE NO. 37-2024-00021366-CU-CR-CTL<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR:**<br><br>1. Violation of 42 U.S.C. § 1983 (False Arrest)<br>2. Violation of 42 U.S.C. § 1983 (Excessive Force)<br>3. Violation of 42 U.S.C. § 1983 (False Imprisonment)<br>4. Violation of 42 U.S.C. § 1983 (Failure to Properly Screen and Hire)<br>5. Violation of 42 U.S.C. § 1983 (Failure to Properly Train)<br>6. Violation of 42 U.S.C. § 1983 (Failure to Properly Supervise and Discipline)<br>7. Violation of 42 U.S.C. § 1983 (*Monell* Violation)<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiffs CARL BRANDON, JR. ("MR. BRANDON"), ANTOINETTE RODRIGUEZ ("MS. RODRIGUEZ"), ERIC JOHNSON ("MR. JOHNSON"), THEODORE KING ("MR. KING"), and DAEJORE WILLIAMSON ("MR. WILLIAMSON") (collectively the "PLAINTIFFS"), by and through their counsel of record, hereby allege the following:

///

---

THE PRIDE
LAW FIRM

PLAINTIFFS' COMPLAINT FOR DAMAGES        1

## PARTIES, JURISDICTION, AND VENUE

1. At all times relevant herein, Plaintiff MR. BRANDON was and is an individual over the age of eighteen (18) residing in San Diego County, California. At the time of the incident, MR. BRANDON was just nineteen (19) years old; and he is a slender young man of about 5'10" tall.

2. At all times relevant herein, Plaintiff MS. RODRIGUEZ was and is an individual over the age of eighteen (18) residing in San Diego County, California. At the time of the incident, MS. RODRIGUEZ was just twenty-one (21) years old and she was eight (8) months pregnant with her first child. She is a small woman of about 5' tall.

3. At all times relevant herein, Plaintiff MR. JOHNSON was and is an individual over the age of eighteen (18) residing in San Diego County, California. At the time of the incident, MR. JOHNSON was just twenty-one (21) years old; and he is a slender young man of about 6' tall.

4. At all times relevant herein, Plaintiff MR. KING was and is an individuals over the age of eighteen (18) residing in San Diego County, California. At the time of the incident, MR. KING was just nineteen (19) years old; and he is a slender young man of about 5'10" tall.

5. At all times relevant herein, Plaintiff WILLIAMSON was and is an individuals over the age of eighteen (18) residing in San Diego County, California. At the time of the incident, MR. WILLIAMSON was just nineteen (19) years old; and he is a slender young man of about 5'9" tall.

6. At all times relevant herein, Defendant DAVID NISLEIT ("NISLEIT") was and is an individual over the age of eighteen (18) employed by Defendant CITY OF SAN DIEGO (the "CITY") as Chief of the San Diego Police Department ("SDPD").

7. The CITY is a public entity, and is a city in the County of San Diego, California.

8. PLAINTIFFS are ignorant as to the true names, identities, and capacities of Defendant DOES 1 through 100, inclusive. Therefore, PLAINTIFFS sue such defendants under the fictitious designation of DOES 1 through 100. PLAINTIFFS will amend this Complaint once their identities have been ascertained as well as facts giving rise to their liability.

9. The individual defendants herein, including all individual DOE defendants, carried out the actions complained of in their individual capacities, under color of law, in the course and scope of their employment, with their respective law enforcement agencies. The CITY is obligated to pay any compensatory damages awarded against the individual defendants. Nevertheless, all defendants herein are jointly and severally liable for any damages award.

10. Venue is proper in this Court because the acts and omissions complained of all occurred within the County of San Diego and all parties herein reside in, work in, or are situated within the County of San Diego.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. On or about August 30, 2022, PLAINTIFFS attended the burial of a close friend at Mt. Hope Cemetery located at 3751 Market Street, San Diego, California 92102. At approximately 1:30 pm, PLAINTIFFS left the cemetery in MS. RODRIGUEZ's 2017 Nissan Sentra. MS. RODRIGUEZ drove her vehicle with the other PLAINTIFFS as passangers.

12. As PLAINTIFFS turned out of the cemetery toward the freeway entrance mere blocks away, they noticed that multiple SDPD patrol cars were following them, weaving in and out of cars to get behind them. PLAINTIFFS were confused because they had just turned onto the main road. In that short time/distance, MS. RODRIGUEZ had not broken any traffic laws or otherwised driven or acted in a manner to draw suspicion from the police. PLAINTIFFS instantly knew that they were being profiled and became fearful for their safety. MS. RODRIGUEZ, in particular, was concerned what the interaction with the police might bring since she was eight (8) months pregnant with her first child at the time. MR. BRANDON immediately took out his phone to start recording.

13. MS. RODRIGUEZ guided her vehicle to the side of the road near the freeway entrances. The vehicle sat somewhat uneven with the curb very close to the bottom edges of the passanger doors. MS. RODRIGUEZ, still anxious with anticipation and dread, rolled her window down just enough to hear the SDPD officers as they began to swarm near the vehicle.

///
///

14.     The DOE officer that pulled them over began yelling for PLAINTIFFS to roll down their windows and unlock the car doors. After first hearing this odd command, MS. RODRIGUEZ asked what they had been pulled over for. The DOE officer ignored her question and barked his command again. After a stunned pause from PLAINTIFFS, multiple DOE officers approached the vehicle and began trying to forcibly open the car doors, guns drawn. PLAINTIFFS were terrified.

15.     Even more SDPD patrol cars arrived, bringing the total to approximately four (4) or five (5), some of which were undercover cars. Approximately ten (10) to twelve (12) SDPD officers were descending upon PLAINTIFFS. These DOE officers continued shouting to exit the vehicle, with explicit commands not to "reach," the implication being that if any of the PLAINTIFFS did reach for something or make a similar movement they would be shot.

16.     MR. JOHNSON was seated in the rear passanger seat behind the diver, MS. RODRIGUEZ. Approximately three (3) or four (4) DOE officers forced open this passanger door and pulled MR. JOHNSON from the vehicle, grabbing him by his hair and forcing him to the ground. MR. KING, who was seated right next to MR. JOHNSON, threw himself backwards away from the DOE officers dragging MR. JOHNSON from the car: he was fearful for his life. Once out of the car, MR. JOHNSON was pinned to the hot and prickly gravel for several minutes as DOE officers restrained and handcuffed him tightly. He was then thrown into the back of a police car, by himself, and detained in the hot sun with no air conditioning for some time.

17.     MR. BRANDON sat in the front passanger seat recording the encounter. Other DOE officers noticed that MR. BRANDON was recording on his phone; they smacked the phone out of his hand and it fell to the ground, cracking the screen. MR. BRANDON attempted to retrieve his phone, but DOE officers used the seatbelt to restrain him, choking him in the process. MR. BRANDON struggled so he could breath while the others who remained in the vehicle were terrified that they would be next. Finally, DOE officers forced open the front passanger door from the curb and pulled MR. BRANDON out. He was shoved against the car and handcuffed before being thrown into a police car, also by himself, in the hot sun with no air conditioning.

///

18. MR. KING and MR. WILLIAMSON were also snatched out of the car by force. They were each handcuffed very tightly and put into separate police cars; their verbal complaints about the tightness of the handcuffs were ignored.

19. MS. RODRIGUEZ was commanded to get out of the car, which was a struggle for her given the advanced nature of her pregnancy. She was so worried that some harm would come to her baby as a result of this encounter, and was in tears. DOE officers took MS. RODRIGUEZ to the side as other DOE officers began searching her car without permission, reasonable suspicion, or probable cause. Following the search, a gun was found in the trunk compartment. MS. RODRIGUEZ was then handcuffed and thrown into the back of another police car. The tightness of the handcuffs and placement of her hands behind her back was extremely uncomfortable and painfor for MS. RODRIGUEZ because of her delicate state.

20. Only much later during this encounter did any officer answer MS. RODRIGUEZ's initial question as to why they had been pulled over in the first place. The police stated that MS. RODRIGUEZ had run a stop sign. However, there are no stop signs from the place PLAINTIFFS exited the cemetery to the place they ultimately pulled over. This was clearly a lie.

21. Although the police attempted to charge PLAINTIFFS with a number of bogus charges, none of them came to fruition. None of the PLAINTIFFS were convicted of anything as a result of the incident. However, PLAINTIFFS were forced to spend time in jail before the charges were dropped: MS. RODRIGUEZ stayed a day in jail while pregnant, MR. KING was forced to stay nearly two (2) weeks in jail before being released, and the others were released at various stages in between.

22. As a result of this inexplicable and illegal conduct at the hands of DOE SDPD officers, PLAINTIFFS suffered physical, economic, and emotional harm. Each of the PLAINTIFFS suffered some level of physical harm, from bruising and lacerations from the the handcuffs and general handling of the officers, to more serious injuries like MR. JOHNSON who suffered a serious head injury. MS. RODRIGUEZ's Nissan was damaged from officers forcing the doors open against the curb, and MR. BRANDON's phone was also damaged from the encounter. PLAINTIFFS also suffered severe emotional distress from this incident, including a

deepend fear of the police, stress, anxiety, anger, oppression, insomnia, and hyper vigilance. MS. RODRIGUEZ in particular was concerned because of her pregnancy; she didn't want to lose her baby. Ultimately, PLAINTIFFS had just lost their close friend and this happens right after the funeral. They are all no longer the same because of their treatment by SDPD officers that day.

## FIRST CAUSE OF ACTION

### False Arrest (42 U.S.C. § 1983)

*(Against DOES 1-50, inclusive)*

23. PLAINTIFFS reallege all prior and subsequent paragraphs of this complaint and incorporate the same by reference.

24. 24 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United State or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress.

25. PLAINTIFFS had a firmly established right under the Fourth Amendment to be free from wrongful arrest and detention.

26. At the time of PLAINTIFFS' arrest and detention, DOES 1-50, inclusive, and each of them, had no probable cause to believe that PLAINTIFFS had committed a crime.

27. Said defendants intentionally and unlawfully exercised force or the express or implied threat of force to restrain, detain, or confine PLAINTIFFS.

28. Said defendants, particularly supervisory DOE defendants, authorized, encouraged, directed, or assisted officers in either doing an unlawful act or procuring without proper process PLAINTIFFS' arrest.

29. The restraint, detention, confinement, and arrest caused PLAINTIFFS to suffer injury, damage, loss, or harm according to proof at the time of trial.

///

## SECOND CAUSE OF ACTION

### Excessive Force (42 U.S.C. § 1983)

*(Against DOES 1-50, inclusive)*

30. PLAINTIFFS reallege all prior and subsequent paragraphs of this complaint and incorporate the same by reference.

31. DOES 1-50, inclusive, and each of them, acting under color of law, committed wrongful acts which proximately caused pain and harm to PLAINTIFFS.

32. Specifically, said defendants deprived PLAINTIFFS of their rights under the United States Constitution to be free from the use of excessive force by law enforcement, punishment without due process, and unlawful stop, search, and seizure without reasonable suspicion, probable cause, and due process.

33. By these acts, said defendants violated PLAINTIFFS' constitutional rights to be free from excessive force, punishment without due process of law, cruel and unusual punishment, and all rights guaranteed under the Fourth and Fourteenth Amendments.

34. PLAINTIFFS committed no crime and there was no probable cause for their arrest or detention.

35. DOES 1-50, inclusive, and each of them, used excessive force as alleged above against PLAINTIFFS, with a purpose to cause harm that is unrelated to the legitimate use of force. The force was used to make PLAINTIFFS suffer and to punish them.

36. The force used was unreasonable and performed with a deliberate indifference to the safety and welfare of PLAINTIFFS.

37. The act of detaining/arresting, and the forced used upon PLAINTIFFS, were objectively unreasonable under the circumstances and no reasonable officer would have considered such use of force to be justified, thereby violating PLAINTIFFS' Fourth Amendment guarantee to be free from unreasonable seizures.

///
///
///

THE PRIDE LAW FIRM

PLAINTIFFS' COMPLAINT FOR DAMAGES     7

38. The conduct alleged herein violated PLAINTIFFS' rights alleged above thereby resulting in a deprivation of PLAINTIFFS' rights alleged above which has legally, proximately, foreseeably, and actually caused PLAINTIFFS to suffer emotional distress, pain, and suffering, and further general and special damages according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### False Imprisonment (42 U.S.C. § 1983)

*(Against DOES 1-50, inclusive)*

39. PLAINTIFFS reallege all prior and subsequent paragraphs of this complaint and incorporate the same by reference.

40. On or about August 30, 2022, DOES 1 through 50, inclusive, and each of them, forced PLAINTIFFS out of their vehicle and restricted their movement for some time, detaining and arresting them, thereby causing PALINTIFFS to be falsely imprisoned.

41. PLAINTIFFS did not consent to the imprisonment.

42. PLAINTIFFS were arrested/detained despite having committed no crime and DOE SDPD officers not having either probable cause or reasonable suspicion.

43. There was no lawful basis for PLAINTIFFS to be arrested, detained, or imprisoned by DOE SDPD officers.

44. As a direct and proximate result of the actions of said defendants, PLAINTIFFS suffered injury, damage, loss, or harm according to proof at the time of trial.

### FOURTH CAUSE OF ACTION

### Failure to Properly Screen and Hire (42 U.S.C. § 1983)

*(Against the CITY, NISLEIT, and DOES 51-100, inclusive)*

45. PLAINTIFFS reallege all prior and subsequent paragraphs of this complaint and incorporate the same by reference.

46. Defendants the CITY, NISLEIT, and DOES 51-100, inclusive, and each of them, as a matter of custom, practice, and policy, failed to adequately and properly screen and hire DOE SDPD officers herein identified as DOES 1 through 50, inclusive, and each of them.

///

47. The failure of Defendants the CITY, NISLEIT, and DOES 51-100, inclusive, and each of them, including their agents, servants, and employees, to properly screen and hire DOE SDPD officers as a matter of policy, custom, and practice, in the exercise of their functions, was deliberately indifferent to the Constitutional rights of PLAINTIFFS and done with conscious disregard for the dangers of harm and injury to PLAINTIFFS and others similarly situated.

48. Due to the acts of said defendants, the failure to properly screen and hire police officers, and the continued employment of DOE SDPD officers, there is a clear and present danger to the residents of the city of San Diego.

49. The lack of adequate screening and hiring practices by said defendants evince deliberate indifference to the rights of PLAINTIFFS and others similarly situated.

50. Therefore, said defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

51. The conduct alleged herein violated PLAINTIFFS' rights alleged above which as legally, proximately, foreseeably, and actually caused PLAINTIFFS to suffer emotional distress, pain and suffering, and further damages according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

### Failure to Properly Train (42 U.S.C. § 1983)

*(Against the CITY, NISLEIT, and DOES 51-100, inclusive)*

52. PLAINTIFFS reallege all prior and subsequent paragraphs of this complaint and incorporate the same by reference.

53. Defendants the CITY, NISLEIT, and DOES 51-100, inclusive, and each of them, as a matter of custom, practice, and policy failed to maintain adequate and proper training for SDPD officers necessary to educate the officers as to the Constitutional rights of arrestees – to prevent the excessive force and extra judicial punishment of potential arrestees by officers.

54. The failure of said defendants, their agents, servants, and employees to properly train defendant police officers as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the Constitutional rights of PLAINTIFFS and done with conscious disregard for the dangers of harm and injury to PLAINTIFFS and others like them.

55. Said defendants failed to provide adequate training to police officers that hold the power, authority, insignia, equipment, and arms entrusted to them.

56. Therefore, said defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

57. The failure of said defendants to promulgate or maintain constitutionally adequate policies regarding training was done with deliberate indifference to the rights of PLAINTIFFS and others similarly situated.

58. The constitutionally infirm lack of adequate training as to the officers in this case caused PLAINTIFFS' damages, including emotional distress, pain and suffering, and further damages according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

**Failure to Properly Supervise and Discipline (42 U.S.C. § 1983)**

*(Against the CITY, NISLEIT, and DOES 51-100, inclusive)*

59. PLAINTIFFS reallege all prior and subsequent paragraphs of this complaint and incorporate the same by reference.

60. Defendants the CITY, NISLEIT, and DOES 51-100, inclusive, and each of them, as a matter of custom, practice, and policy, failed to supervise and discipline police officers in order to prevent the consistent and systematic use of inappropriate intimidation and racially-profiling tactics, including excessive force.

61. Said defendants failed to provide adequate supervision to police officers that hold the power, authority, insignia, equipment, and arms entrusted to them.

62. Said custom, practice, and policy included a failure to adequately investigate, supervise, and discipline the offending officers which fostered the custom, practice, and policy within SDPD, which resulted in the above-plead injuries to PLAINTIFFS.

63. Therefore, said defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

///

///

64. The failure of said defendants to promulgate or maintain constitutionally adequate policies regarding investigation, supervision, and discipline was done with deliberate indifference to the rights of PLAINTIFFS and others similarly situated.

65. The conduct alleged herein violated PLAINTIFFS' rights alleged above which has legally, proximately, foreseeably, and actually caused PLAINTIFFS to suffer emotional distress, pain and suffering, and further damages according to proof at the time of trial.

### SEVENTH CAUSE OF ACTION

### *Monell* Violation (42 U.S.C. § 1983)

### *(Against the CITY, NISLEIT, and DOES 51-100, inclusive)*

66. PLAINTIFFS reallege all prior and subsequent paragraphs of this complaint and incorporate the same by reference.

67. Defendants the CITY, NISLEIT, and DOES 51-100, inclusive, and each of them, maintained a custom, policy, or practice within the meaning of *Monell*, of making inappropriate and illegal traffic contacts despite lacking reasonable suspicion or probable cause. These illegal contacts then lead to using excessive force, falsely arresting, and otherwise burdening citizens whom object to unlawful profiling, harassment, and discriminatory actions by SDPD officers.

68. Said defendants maintained an unconstitutional policy with respect to contacting, detaining, searching and arresting citizens based on unlawful racial profiling.

69. The conduct alleged herein violated PLAINTIFFS' rights alleged above which has legally, proximately and foreseeably caused PLAINTIFFS to suffer emotional distress, pain and suffering, and further damages according to proof at the time of trial.

///
///
///
///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS respectfully pray for judgment against the defendants herein and the following relief:

    A.    Compensatory general and special damages in an amount according to proof at trial;

    B.    Punitive and treble damages in an amount according to proof at trial;

    C.    Rreasonable attorneys' fees, expenses, and costs of suit;

    D.    Pre-judgment interest;

    E.    An order directing Defendants to set forth policies and procedures as may be necessary and proper with respect to unlawful profiling and false arrests;

    F.    Such other and further relief as the Court deems proper.

**JURY DEMAND**

PLAINTIFFS demand a jury trial on all issues in this case.

DATED: May 8, 2024                             **THE PRIDE LAW FIRM**

By: _____
DANTE T. PRIDE
ZACHARY FREIRE-AVIÑA
Attorneys for Plaintiffs

EXHIBIT 2

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
City of San Diego, a municipality; David Nisleit, an individual; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Carl Brandon, Jr., an individual; Antoinette Rodriguez, an individual; Eric Johnson, an individual; Theodore King, an individual, and Daejore Williamson, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

RECEIVED 24 JUN -4 PM 2:48 CITY CLERKS OFFICE SAN DIEGO, CA
06/04/24 ACW

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
05/08/2024 at 09:32:41 AM
Clerk of the Superior Court
By Yuan Chiang, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court, Hall of Justice
330 W. Broadway
San Diego, CA 92101

**CASE NUMBER:** *(Número del Caso):*
37-2024-00021366-CU-CR-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dante T. Pride; Zachary Freire-Aviña, The Pride Law Firm 2831 Camino Del Rio S, Suite 104 (619) 516-8166

| DATE: 5/08/2024 05/09/2024 | Clerk, by Y. Chiang | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [XX] on behalf of *(specify):* **CITY OF SAN DIEGO, a municipality**
   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [XX] other *(specify):* **416.50 (public entity)**
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

EXHIBIT 3

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
05/08/2024 at 09:32:41 AM
Clerk of the Superior Court
By Yuan Chiang, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
City of San Diego, a municipality; David Nisleit, an individual; and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Carl Brandon, Jr., an individual; Antoinette Rodriguez, an individual; Eric Johnson, an individual; Theodore King, an individual, and Daejore Williamson, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court, Hall of Justice
330 W. Broadway
San Diego, CA 92101

CASE NUMBER: *(Número del Caso):*
37-2024-00021366-CU-CR-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dante T. Pride; Zachary Freire-Aviña, The Pride Law Firm 2831 Camino Del Rio S, Suite 104 (619) 516-8166

DATE: ~~5/08/2024~~ 05/09/2024                Clerk, by Y. Chiang , Deputy
*(Fecha)*                                     *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [XX] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:
   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

NAME: _____ ID# _____ DATE: _____